IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE S. DEUTSCH, M.D. & ASSOCIATES, | : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 16-5257 |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

MCHUGH, J.                                                                                        MARCH 21, 2017

## MEMORANDUM

This is an action by a medical practice seeking a refund of tax penalties. Plaintiff Lawrence S. Deutsch, M.D. & Associates (the Practice) is a professional corporation that at all relevant times was owned and run by Dr. Deutsch. For the period from 2010–2012, the Practice was untimely in filing and paying most of its quarterly employment taxes and annual unemployment taxes. As a result, the Internal Revenue Service assessed penalties of over $50,000. The Practice paid the penalties, but sues to recover them on the grounds that it had "reasonable cause" for its untimeliness (a recognized excuse under I.R.C. §§ 6651(a) & 6656(a)): namely, that during the relevant period Dr. Deutsch, who was responsible for handling the Practice's tax matters, had dementia. The government now moves to dismiss for lack of jurisdiction the majority of the Practice's claims,[1] arguing that the claims themselves are barred

---

[1] Specifically, the government moves to dismiss claims involving penalties related to (1) quarterly employment taxes for 2010, 2011, and the first two quarters of 2012; and (2) annual unemployment taxes for 2010 and 2011.

1

by the Internal Revenue Code's statute of limitations.[2]  For the following reasons, I will grant the government's Motion.

In tax-refund suits like this one, Congress has supplied a partial waiver of sovereign immunity:  district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue . . . penalty claimed to have been collected without authority."  28 U.S.C. § 1346(a)(1).  But this jurisdictional grant is limited; for it to apply, "taxpayers seeking a refund of taxes unlawfully assessed must comply with tax refund procedures set forth in the Code."  *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).  Specifically, "a claim for a refund must be filed with the [IRS] before suit can be brought," and there are "strict timeframes for filing such a claim."  *Id.*

For the Practice, the governing timeframe for its IRS claims was the later of "3 years from the time the return was filed or 2 years from the time the tax was paid."  I.R.C. § 6511(a).  The Practice concedes that the refund claims at issue here were untimely under § 6511(a), but argues that § 6511(h) tolled the limitations period while Dr. Deutsch had dementia.  Section 6511(h) provides:  "[I]n the case of an individual, the running of the period[] specified in subsection[] (a) . . . shall be suspended during any period of such individual's life that such individual is financially disabled."  Section 6511(h)(2) defines "financially disabled," and dementia is certainly encompassed within that definition.[3]

---

[2] "Federal courts lack jurisdiction to entertain refund claims brought outside of the statute of limitations."  *Cooper v. Comm'r*, 718 F.3d 216, 223 (3d Cir. 2013) (citing *Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 353–54 (3d Cir. 2000)).

[3] Indeed, Congress enacted § 6511(h) in response to *United States v. Brockamp*, 519 U.S. 347 (1997), where the Supreme Court held that § 6511's time limits could not be equitably tolled even though the taxpayer there had dementia.  *Id.* at 348, 354.  The Senate Finance Committee Report on § 6511(h) (enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685) gave its rationale:  "The Committee believes

But the insurmountable obstacle for the Practice's claims is that tolling under § 6511(h) only applies to an "individual" taxpayer.  The statute's opening conditional language makes this clear:  "In the case of an *individual* . . . ."  § 6511(h)(1) (emphasis added).  So though it may be true in the everyday sense that Dr. Deutsch, as the Practice's sole officer and director, "*was* the . . . Practice*,*" Practice Br. 9 (emphasis added), that has no bearing on whether the Practice can seek refuge under § 6511(h).  Because it is not an individual taxpayer, it cannot.[4]  In this regard, the Code's use of the term "individual" as compared to the more legally ambiguous term "person" leaves little doubt about how to apply the provision in question.

The Practice tries to avoid this result by pointing to § 6672, under which Dr. Deutsch could have been personally liable (in certain circumstances) for failing to pay taxes on behalf of the Practice.  The Practice claims § 6672 and § 6511(h) should be construed *in pari materia*, and allow the Practice to recoup penalties that were assessed as a result of Dr. Deutsch's dementia.  I acknowledge that "in the law, what is sauce for the goose is normally sauce for the gander." *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1418 (2016).  But the Practice's argument is based on a false equivalence:  it ignores that personal liability under § 6672 is imposed only if the failure to pay taxes was "willful[]."  Here, the Practice's own theory of relief—Dr. Deutsch's

---

that, in cases of severe disability, equitable tolling should be considered in the application of the statutory limitations on the filing of tax refund claims."  S. Rep. No. 105-174, at 60 (1998).

[4] Courts that have addressed this seem to uniformly agree on this point.  *See Alt. Entm't Enters., Inc. v. United States*, 458 F. Supp. 2d 424, 426 (E.D. Mich. 2006) ("The . . . period was not tolled under I.R.C. § 6511(h) because Plaintiff is not an "individual" but a corporation.  Because Plaintiff is registered as a corporation for tax purposes, it cannot claim "individual" status under § 6511."), *aff'd*, 277 F. App'x 590 (6th Cir. 2008); *Voss Indus., Inc. v. United States*, No. 1:02CV1181, 2003 WL 352769, at *4 (N.D. Ohio Jan. 27, 2003) ("[T]olling is limited to a taxpayer who is unable to manage financial affairs due to a disability.  Voss, being a corporation, cannot be so classified." (footnote omitted)); *Haller v. Comm'r*, 100 T.C.M. (CCH) 9, 2010 WL 2680705, at *4 (July 6, 2010) ("In order for a taxpayer to qualify as financially disabled pursuant to section 6511(h), the physical or mental impairment must be that of the taxpayer, not of some third person." (citing *Brosi v. Comm'r*, 120 T.C. 5, 10 (2003))).

dementia—would preclude a finding of willfulness, and so § 6672 does not represent an unfair double standard.  And I find persuasive the government's response that there is another consideration involved here:  an individual who avails himself of the many benefits of registering as a corporation cannot then claim that his corporation is really just an individual when the tax laws make it convenient.

    Because it is undisputed that the claims at issue here were untimely filed, and because § 6511(h) does not apply, the government's Motion will be granted.  An appropriate order follows.

      /s/ Gerald Austin McHugh
United States District Judge